Frank A. Kreidler City Attorney Lake Worth
QUESTION:
May the City of Lake Worth utilize its home rule powers to continue to pay the group hospitalization and life insurance premiums for retired municipal employees, or is it precluded by the provisions of s. 112.0801, F. S., from making such continued payments?
SUMMARY:
Unless legislatively or judicially construed otherwise, s.112.0801, F. S., operates to expressly prohibit a municipality from paying the cost of the continued participation by its retired employees in a city-provided group hospitalization and life insurance program.
According to your letter and the supplemental information you supplied, the City of Lake Worth for many years has offered its retired employees the right to continue their participation in the city's group life, hospitalization, and health insurance plans which are provided for its active employees. The city, however, has not only offered its retired employees the right to continue to participate in these plans but has also paid their premiums for such group insurance. You state that commission records indicate that this practice has been going on, in the case of life insurance premiums, at least since 1963 and, in the case of hospitalization premiums (to age 65), at least since 1971.
In 1976 the Legislature adopted Ch. 76-151, Laws of Florida. Section 2 of that law, codified as s. 112.0801, F. S. (1976 Supp.), provides:
 Every county, municipality, or district school board in the state which provides life, health, accident, hospitalization, or annuity insurance or all of any kinds of such insurance, for the officers and employees thereof upon a group insurance plan is hereby authorized to allow retired former personnel the option of continuing to participate in such group insurance plans provided the cost of any such continued participation in any such group insurance plan shall be entirely paid for by the retired employee. (Emphasis supplied.)
You are concerned about the provisions of this law and inquire whether it operates to make illegal the continued payment by the city of retired employees' premiums in the city-provided group insurance plan.
Section 2(b), Art. VIII, State Const., provides that `[m]unicipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and mayexercise any power for municipal purposes except as otherwiseprovided by law.' (Emphasis supplied.) In recognition of this broad constitutional grant of power, the Legislature adopted the Municipal Home Rule Powers Act, part I of Ch. 166, F. S. Section166.021(1) of that act provides that municipalities `may exercise any power for municipal purposes, except when expressly prohibitedby law.' (Emphasis supplied.) In view of this statutory enactment, your question is really whether s. 112.0801, F. S., expressly prohibits municipalities from paying the group premiums for their retired employees. For the following reasons, I am of the opinion that it does.
Section 112.0801, F. S., originated as a House amendment to S.B. 1000 filed during the 1976 Legislative Session. That bill was designed to authorize part-time employees and retirees to participate in the state group insurance program at their ownexpense. See the title to Ch. 76-151, Laws of Florida. After the bill had passed the Senate, it went to the House of Representatives where s. 2, currently codified as s. 112.0801, F. S., was added. That section authorizes `certain governmental units which provide group insurance plans for employees to extend such coverage to retired employees under certain circumstances.' (Emphasis supplied.) See the title to Ch. 76-151. The `certain circumstances' mentioned arise when the retired employee pays for the cost of the continued coverage himself. The intent of this provision is clear. It authorizes a county, municipality, or district school board to offer its retired employees the opportunity to continue to participate in the group insurance plans which they have been participating in as active employeesbut only as long as the cost of the continued participation is paid for by the retired employees. This is equivalent to saying that none of the costs may be paid by the county, municipality, or district school board; to say otherwise would be to ignore the plain meaning of the language.
Consequently, I am of the opinion that, unless legislatively or judicially construed otherwise, s. 112.0801, F. S., operates to expressly prohibit a municipality from paying the cost of the continued participation by its retired employees in a city-provided group hospitalization and life insurance program.
Prepared by:
Percy W. Mallison, Jr. Assistant Attorney General